**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                        **Criminal Action No. 3:11-cr-47-6
JUDGE BAILEY**

**JEROME HOLDEN CUNNINGHAM,**

    **Defendant.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE RECOMMENDING
THAT THE DISTRICT COURT DENY DEFENDANT'S MOTION TO SUPPRESS [127]**

## I.  INTRODUCTION

Pending before this Court is Defendant Jerome Holden Cunningham's ("Defendant") Motion to Suppress Evidence Seized During Search of Defendant's Residence ("Motion to Suppress") (ECF No. 127), filed on September 16, 2011.  On October 6, 2011, the Court held an evidentiary hearing on Defendant's motion.  The Defendant, Jerome Holden Cunningham, appeared in person and by counsel, Shawn R. McDermott, Esq.  The Government appeared by counsel, Erin K. Reisenweber, Assistant United States Attorney.  After considering the briefs and evidence offered by the parties, the undersigned Magistrate Judge now issues this Report and Recommendation, recommending that the District Court deny as moot Defendant's motion.  The reasons for recommending denial are set forth below.

## II.  PROCEDURAL BACKGROUND

Defendant is one of six co-defendants named in this case as alleged co-conspirators in a crack cocaine and heroin distribution ring.  The charges in this case are the result of an investigation conducted by the West Virginia Bureau of Investigation's Eastern Panhandle Drug and Violent

Crime Task Force. On July 20, 2011, all six co-defendants were named in a twenty-three (23) count Indictment.

Defendant is charged in Counts One and Sixteen of the Indictment. In Count One, Defendant is charged with conspiracy to possess with intent to distribute and to distribute in excess of 280 grams of cocaine base, also known as "crack," and in excess of 100 grams of heroin in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), & 841(b)(1)(B). Indictment, *United States v. Cunningham*, No. 3:11-cr-47-6, ECF No. 1 at 1-2 (N.D. W. Va. July 20, 2011). Count Sixteen charges Defendant with aiding and abetting the distribution of approximately .048 grams of heroin within 1,000 feet of Winchester Avenue Elementary School in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 860 and 18 U.S.C. § 2. *Id.* at 17. Defendant is also named in a real property forfeiture allegation contained in the Indictment. *Id.* at 25.

### III.   DISCUSSION

*A.   Contentions of the Parties*

   **1.   Defendant's Motion to Suppress**

In his Motion to Suppress, Defendant seeks to suppress all evidence seized during the search of 189 Columbia Drive, a property owned by Defendant, on May 27, 2010. (ECF No. 127 at 1.) As an initial matter, Defendant notes that if "the Government does not intend to introduce any evidence seized from the search at trial, this motion is then moot." (ECF No. 127 at 1 n.1.)

   **2.   Government's Response to Defendant's Motions**

In its Response, the Government asserts that Defendant's Motion to Suppress should be denied. (ECF No. 149 at 2.) The Government further alleges that it has no intention of introducing any of the items seized from Defendant's residence at trial. (*Id.* at 1.) Also, the Government asserts

that "these items were seized through the Berkeley County prosecutor's office." (*Id.*) Finally, the Government states that the defense has already received any statements given by any defendant in this case through the initial discovery disclosure made on August 10, 2011 and through the supplemental disclosure made on August 11, 2011. (*Id.* at 1-2.)

### 3. Evidentiary Hearing

At the evidentiary hearing held on October 6, 2011, the Government announced that the items seized during the search of Defendant's residence are not within the Government's possession because they were seized by agents of the state. Furthermore, the Government again asserted that it has no intention of introducing the computer, televisions, snowblower, or ShopVac at Defendant's trial. Counsel for Defendant stated that because the Government does not intend to introduce these items, the Motion to Suppress is moot.

### B. *The Undersigned's Recommendation*

Based on the parties' briefs and statements at the evidentiary hearing, the undersigned finds that Defendant's Motion to Suppress is no longer at issue. Therefore, the undersigned recommends that the Defendant's Motion to Specify Intent and Motion to Suppress be **DENIED AS MOOT.**

### IV. RECOMMENDATION AND CONCLUSION

For the reasons articulated above, I find that Defendant's Motion to Specify Intent (ECF No. 126) and Defendant's Motion to Suppress (ECF No. 127) should be **DENIED AS MOOT**. Because trial in this case is set to commence on October 25, 2011, **IT IS ORDERED** that any party aggrieved by this Report and Recommendation shall file specific, written objections with the Clerk

of Court on or before **12:00 noon on October 11, 2011**.[1] Any response to any such objection shall be filed by **12:00 noon on October 16, 2011**. The party should clearly identify the portions of the Report and Recommendation to which the party is filing an objection and the basis for such objection. The party shall also submit a copy of any objections to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon this Report and Recommendation. 28 U.S.C. § 636(b)(1).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Respectfully submitted this **6th** day of **October, 2011.**

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

---

[1] Although parties are typically given fourteen days to respond to a Report and Recommendation, *see* 28 U.S.C. § 636(b)(1), this allowance is a maximum – not a minimum – time to respond, and the Court may require a response within a shorter period if exigencies of the calendar require. *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978). Shortening the response period in this case is appropriate because the evidentiary hearing was held nineteen (19) days before the trial date.